UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amanda Sue Marsh,                                    Civil No. 13-912 (ADM/FLN)

                    Plaintiff,

        v.                                           **REPORT AND**
                                                     **RECOMMENDATION**

Carolyn W. Colvin,
Acting Commissioner of Social Security,

                    Defendant.

_____

                    Lionel Peabody for Plaintiff.
        Ana Voss,[1] Assistant United States Attorney, for Defendant.

_____

        **THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's

motion for attorney's fees under the Equal Access to Justice Act (ECF No. 31). Plaintiff seeks

$4,964.00 in attorney's fees. This matter was referred to the undersigned for report and

recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the

Court recommends that Plaintiff's motion be **GRANTED**.

                              **I. BACKGROUND**

        Plaintiff Amanda Marsh initiated this action seeking judicial review of the final decision of

Defendant Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her

claim for Social Security benefits. *See* Compl., ECF No. 1. The Court reversed the Commissioner's

decision and remanded Marsh's case for further proceedings. *See* Order, ECF No. 29. Counsel for

_____

[1]
                    AUSA Ana Voss was the attorney of record at the time Plaintiff's motion for
                    attorney's fees was filed. Ms. Voss has since withdrawn and AUSA Pamela
                    Marentette has been substituted as the attorney of record.

Marsh now seeks attorney's fees under 28 U.S.C. § 2412. ECF No. 31.

## II. ANALYSIS

The Equal Access to Justice Act ("EAJA") requires a court to award costs, fees, and other expenses incurred by a party that prevails against the United States in any non-tort-related civil action "including proceedings for judicial review of agency action . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Government bears the burden of proving that its position was substantially justified or that special circumstances make an award unjust. *Bah v. Cangemi*, 548 F.3d 680, 684 (8th Cir. 2008).

A party "prevails" under 28 U.S.C. § 2412 if she secures a judgment that reverses the Commissioner's denial of disability benefits and remands the case for further proceedings. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993). The Government does not dispute that Marsh is a prevailing party. Instead, the Government contends that its position was substantially justified. *See* Opp'n Mem 2, ECF No. 35.

### A.     The Government's position was not substantially justified

The position of the Commissioner is "substantially justified" for purposes of 28 U.S.C. § 2412(d)(1)(A) if it is "justified to a degree that could satisfy a reasonable person," meaning that it has a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). "A 'substantially justified' position is one that is 'clearly reasonable, well-founded in law and fact, and solid, though not necessarily correct.'" *Strom v. Astrue*, No. 07-150, 2008 WL 2098107, at *2 (D. Minn. Apr. 28, 2008) (quoting *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003)).

In the present case, the Court concluded that the ALJ erred in step three of the disability

evaluation process by finding that Marsh did not meet or equal Listing 12.04 for affective disorders. Report and Recommendation 29, ECF No. 26, *adopted by* Order, ECF No. 29. As stated in the Report and Recommendation, one way for a claimant to meet Listing 12.04 is by having a "[c]oncurrent history of 1 or more years' inability to function outside a highly supportive living arrangement." Listing 12.04(C)(3). "The regulations define 'highly supportive' settings to include hospitals, halfway houses, care facilities, and personal home settings that 'greatly reduce the mental demands placed on [the claimant].'" *Myers v. Colvin*, 721 F.3d 521, 526 (8th Cir. 2013).

In reviewing the ALJ's determination that Marsh did not meet Listing 12.04, the Court concluded that the evidence in the record *overwhelmingly* supported a finding that Marsh's disability did in fact meet Listing 12.04. ECF No. 26 at 29. Due to the copious amount of evidence that contradicted the ALJ's determination, the Court reversed the denial of benefits and remanded the case for the limited purpose of calculating the benefits Marsh was owed. *Id.* at 30. The Commissioner did not object to this determination. *See* Response, ECF No. 27.

The Commissioner now argues that its position was substantially justified because it was reasonable for the ALJ to conclude that Summit Manor was not a "highly supportive living arrangement." ECF No. 35 at 2–3. The Court disagrees. Summit Manor is a "board and lodging" facility that provides supportive services for people with mental illness. In addition to the services provided by Summit Manor, Marsh also received case management and medication services from the T-ACT program, as well as counseling from a social worker. ECF No. 26 at 26. Furthermore, Lynn Milberger, the program director of Summit Manor, stated that Plaintiff continued to need the supportive services of Summit Manor in order to have a safe place to live and to stay properly medicated. *Id.* at 28–29. Milberger also stated that Marsh needs the help of Summit Manor staff to

assist her with her paranoia and irrational behavior and to help her understand socially acceptable behavior. *Id.* at 29. In addition, the Court cited numerous pieces of evidence in the record that supported a finding that Marsh needed the services provided by Summit Manor. *See id.* at 26–29. It is clear to the Court that Summit Manor greatly reduced the mental demands on Marsh. Accordingly, the Court concludes that the Commissioner's position was not substantially justified as it was not reasonable for the ALJ to determine that Marsh could function outside of a highly supportive living arrangement.

**B.     Marsh is entitled to reasonable attorney's fees**

The EAJA provides that "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff seeks an hourly rate of $170 per hour. The Commissioner does not challenge the requested hourly rate. The Court finds that the increase in the cost of living, based on the Consumer Price Index and counsel's customary rate ($267 per hour), justifies an hourly rate of $170. Indeed, judges in this District have approved rates in social security cases in excess of $170 per hour. *See, e.g.*, *Meyer v. Astrue*, No. 09-3205, 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011), *adopted by* 2011 WL 4043792 (D. Minn. Sept. 12, 2011) (approving hourly rate of $172.50); *Rodgers v. Astrue*, 2011 WL 721528, at *4 (D. Minn. Feb. 3, 2011), *adopted by* 2011 WL 721245 (D. Minn. Feb. 22, 2011) (approving hourly rate of $175.37).

The Commissioner does not challenge the 29.2 hours billed by Marsh's attorney. The Court has reviewed the billing records submitted by Marsh, and the Court is satisfied that the amount of

time spent on Meyer's case was reasonable. *See* Peabody Decl., ECF No. 32; ECF No. 26 at 6–7.

Accordingly, the Court finds that Marsh must be awarded attorney fees in the amount of $4,964.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Attorney's Fees (ECF No. 31) be **GRANTED**. Plaintiff should be awarded its attorney's fees in the amount of $4,964.

DATED: July 28, 2015                         *s/Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 12, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.