UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Amanda Sue Marsh,                                    Civil No. 13-912 (ADM/FLN)

           Plaintiff,

     v.                                          **REPORT AND RECOMMENDATION**

Carolyn W. Colvin,
Acting Commissioner of Social Security,

           Defendant.

___

Lionel Peabody for Plaintiff.
Pamela Marentette, Assistant United States Attorney, for Defendant.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's motion for attorney's fees under the Social Security Act (ECF No. 48). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends that Plaintiff's motion be **GRANTED**.

## I. BACKGROUND

Plaintiff Amanda Marsh initiated this action seeking judicial review of the final decision of Defendant Carolyn Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Social Security benefits. *See* Compl., ECF No. 1. The Court reversed the Commissioner's decision and remanded Marsh's case for further proceedings. *See* Order, ECF No. 29. On November 4, 2014, Plaintiff was awarded $35,220 in past-due Supplemental Security Income ("SSI") benefits. Peabody Decl. Ex. 4, ECF No. 49. The Court awarded Plaintiff $4,964 in attorney's fees under the Equal Access to Justice Act ("EAJA") on August 13, 2015. Order, ECF No. 46. Counsel for Marsh now seeks an additional $3,841 in attorney's fees to be payable from Plaintiff's retroactive SSI

benefits pursuant to 42 U.S.C. §§ 406(b) and 1383(d). ECF No. 48. The Commissioner does not object to this request. Def.'s Resp., ECF No. 51.

## II. ANALYSIS

Title 42 U.S.C. § 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

This section was made applicable to SSI fees by 42 U.S.C. § 1383(d).

Here, Plaintiff's fee arrangement with her attorney states, in relevant part:

> 3. In the event benefits are awarded to me, I agree that Mr. Peabody shall receive as an attorney's fee one-quarter of the past due benefits awarded to me. I understand that attorney's fees payable from my past due benefits are subject to approval by the Federal Court or by the Social Security Administration.
>
> . . .
>
> 5. In the event the Court awards an attorney's fee payable by the government under the Equal Access to Justice Act (EAJA Fee), it is agreed that any EAJA fees shall be paid to Mr. Peabody as compensation for representing me in Federal Court, and shall be subtracted from any fees that the Court would otherwise award under this agreement to be paid from my past due Social Security benefits. I hereby assign any court awarded EAJA attorney's fees to Mr. Peabody, and agree that EAJA fees shall be paid directly to Mr. Peabody and issued in his name; if the check is sent in my name I authorize Mr. Peabody to endorse the check in my name and deposit it in his general account.

ECF No. 49, Ex. 1. In other words, Plaintiff agreed to pay her attorney 25% of any past-due benefits

award, less any fees payable to her attorney under the EAJA. As stated above, Plaintiff was awarded $35,220 in past-due SSI benefits on November 4, 2014. *Id.*, Ex. 4. Twenty-five percent of $35,220 equals $8,805. Under 42 U.S.C. §§ 406(b), 1383(d), and Plaintiff's fee arrangement, Plaintiff's attorney is entitled to $3,841 (i.e., $8,805 less the EAJA fee award of $4,964).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for attorney's fees (ECF No. 48) be **GRANTED** as follows:

1. Plaintiff's counsel is awarded an attorney's fee to be paid from Plaintiff's retroactive SSI benefits in the amount of $3,841.00;

2. The attorney's fees approved herein shall be paid to counsel, Lionel H. Peabody, PO Box 10, Duluth, MN 55801-0010 from the funds withheld from Plaintiff's past-due SSI benefits by the Social Security Administration for payment of attorney's fees;

3. The remainder of the funds withheld from Plaintiff's retroactive benefits by Social Security for payment of attorney's fees shall be released to Plaintiff by the Social Security Administration.

DATED: January 25, 2016         *s/Franklin L. Noel*
                                FRANKLIN L. NOEL
                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before February 9, 2016, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.